# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HEINICKE,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL SERVICES,<br><br>    Defendant. | Case No. 1:15-cv-01767 LJO DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Albert Heinicke ("Plaintiff") is an inmate in the custody of the Kern County Sheriff's Department. He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed on November 23, 2015. He names "Medical Services" at the Lerdo Pretrial Facility as the sole Defendant.

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at the Lerdo Pretrial Facility in Bakersfield, California, where the events at issue occurred.

The allegations in Plaintiff's complaint are sparse. He states that he saw a doctor on October 14, 2015, but he's been denied "chronic care patient pain medication." ECF No. 1, at 3. Plaintiff states that he is diabetic and suffers from neuropathy and fibromyalgia. Plaintiff also has a bullet fragment in his right knee from a gunshot wound, and is in pain.

///

Plaintiff requests "general proper medical care," and asks that staff be (1) retrained to perform their jobs properly and professionally; or (2) demoted or removed from their positions.

## C.     DISCUSSION

### 1.     Medical Staff

Plaintiff cannot name the "Medical Staff" at the Lerdo Pretrial Facility as a collective Defendant. As explained above, Plaintiff must link each *individual* Defendant to an alleged violation. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff has not named any individual Defendants, and this prevents the Court from fully analyzing his claim.

### 2.     Medical Care

It is unclear whether Plaintiff was a pretrial detainee or a convicted inmate while he was housed at the Lerdo Pretrial Facility. However, although pretrial detainees rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard is the same as the standard applied to convicted prisoners under the Eighth Amendment. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242-1244 (9th Cir. 2010 ); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

///

1     Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's
2 pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122
3 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which
4 entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks
5 omitted); Wilhelm, 680 F.3d at 1122.

6     Plaintiff alleges that he is not receiving pain medication for his medical condition(s).  His
7 allegations are too vague, however, to demonstrate that any individual denied pain medications with
8 the requisite state of mind, i.e., that any Defendants "[knew] of and disregard[ed] an excessive risk
9 to [plaintiff's] health or safety."  Farmer, 511 U.S. at 837.  The denial of pain medication, without
10 more, does not satisfy this standard.  Conclusory allegations are insufficient to support a plausible
11 claim for relief.  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969

12    To the extent that Plaintiff disagrees with his treatment, this is insufficient to state a claim for
13 deliberate indifference.  "A difference of opinion between a physician and the prisoner - or between
14 medical professionals - concerning what medical care is appropriate does not amount to deliberate
15 indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891
16 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076,
17 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing
18 Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course
19 of treatment the doctors chose was medically unacceptable under the circumstances and that the
20 defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681
21 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).  Plaintiff fails to
22 make such a showing.

23    Plaintiff therefore fails to state a claim against any Defendant for the denial of medical care.
24 He will be permitted to amend.

### D.    CONCLUSION

Plaintiff's complaint does not state any claims for relief against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in

4

1  good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir.
2  2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If
3  Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his
4  amended complaint. George, 507 F.3d at 607.

5       If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under
6  section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's
7  constitutional rights and liability may not be imposed on supervisory personnel under the theory of
8  respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as
9  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
10 level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

11      Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa
12 County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without
13 reference to the prior or superceded pleading," Local Rule 220.

14      Accordingly, it is HEREBY ORDERED that:

15     1.   The Clerk's Office shall send Plaintiff a complaint form;

16     2.   Within thirty (30) days from the date of service of this order, Plaintiff must file an
17         amended complaint curing the deficiencies identified by the Court in this order, or
18         notify the Court that he does not wish to amend;

19     3.   If Plaintiff fails to comply with this order, this action will be dismissed, without
20         prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 26, 2016**       /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE